Gevork Grigoryan
5846 Hillview Park Ave
Van Nuys, California 91401
Tel: 818-445-2220

Plaintiff In Pro Per



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF THE STATE OF CALIFORNIA**

GEVORK GRIGORYAN, An Individual;

    **Plaintiff,**

    vs.

EXPERIAN INFORMATION SOLUTIONS, INC., An Ohio Corporation; EQUIFAX INFORMATION SERVICES, LLC, A Georgia Limited Liability Company; TRANS UNION, LLC, A Delaware Limited Liability Company;

    **Defendants**.

CASE NO. CV13-07450-CAS(FFMx)

**COMPLAINT**

**1. FAIR CREDIT REPORTING ACT**

**2. CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT**

**DEMAND FOR JURY TRIAL.**

This action is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and California's Consumer Credit Reporting Agencies Act § 1785 et seq.

## I.  JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. 1681p, Cal. Civ. Code § 1785.33, and 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper in that Plaintiff's claim arose in this District.

## II. PARTIES AND DEFINITIONS

4. Plaintiff GEVORG GRIGORYAN ("Plaintiff") is a natural person, an individual, who at all times relevant herein, resided in the City of Van Nuys, located in the County of Los Angeles, State of California.

5. Plaintiff is a "consumer" as that term is defined by FCRA, 15 U.S.C. § 1681a(c), and CCRAA, Cal. Civ. Code § 1785.3(b).

6. Plaintiff is the mortgagor/borrower with Bank of America ("BOA") for the Mortgage loan, account number 164984658 ("BOA account #1") and the second line of equity, account number 1649846666 ("BOA account #2").

7. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") is an Ohio Corporation, conducting business in the State of California.

8. Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") is a Georgia Limited Liability Company, conducting business in the State of California.

9. Defendant TRANS UNION, LLC ("TRANSUNION") is a Delaware Limited Liability Company, conducting business in the State of California.

10. Defendants EXPERIAN, EQUIFAX, and TRANSUNION (collectively "Defendants") are each a "Consumer reporting agency" and "Consumer credit reporting agency" as these terms are defined by FCRA, 15 U.S.C. § 1681a(f), and CCRAA, Cal. Civ. Code § 1785.3(d) respectively.

11. Defendants are each a "person" as this term is defined by FCRA, 15 U.S.C. § 1681a(b), and CCRAA, Cal. Civ. Code § 1785.3(j).

12. Plaintiff is informed and believes and on that basis alleges that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as their agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them is legally liable to Plaintiff, as set forth below and herein.

13. Defendants are liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a

1    named Defendant was expressly authorized or ratified by the Defendants.

2    **III. FACTS SUPPORTING EACH CAUSE OF ACTION**

3    14. In or around February 2010, through review of his credit reports maintained by Defendants, Plaintiff found inaccurate and unjust delinquency claims on his BOA account #1, specifically late payment reporting for the months of December 2009 and January 2010. True and correct copy of Plaintiff's credit report maintained by EXPERIAN, dated March 2, 2010, indicating the late payment reporting of December 2009 and January 2010, is attached hereto as EXHIBIT "A."

9    15. Plaintiff was not late on any one of his accounts with BOA for the months of December 2009, January 2010, or at all. True and correct copies of Plaintiff's check No. 391 dated December 27, 2009, and customer receipts dated December 28, 2009, January 29, 2010, and February 24, 2010, proving his timely payments on BOA account #1 for the months of December 2009 and January 2010 are attached hereto as EXHIBIT "B."

14   16. As such, in or around February of 2010, Plaintiff contacted Defendants with dispute of the inaccurate late payment reporting of December 2009 and January 2010 on his BOA account #1.

17   17. On or about March 1, 2010, Plaintiff sent a dispute letter to BOA directly regarding the late payment reporting of December 2009 and January 2010, along with proof of timely payments, attached herein as EXHIBIT "B."

20   18. On March 12, 2010, BOA responded to Plaintiff's March 1, 2010 correspondence, stating that it does not have "the information necessary to research [Plaintiff's] dispute." A true and correct copy of BOA's March 12, 2010 correspondence is attached hereto as EXHIBIT "C."

23   19. Contrary to BOA's claim that it could not research Plaintiff's dispute, Defendants continued to maintain the inaccurate late payment remarks of December 2009 and January 2010 on Plaintiff's credit reports. True and correct copies of Plaintiff's TRANSUNION credit reports dated March 24, 2010, and April 5, 2010, are attached hereto as EXHIBIT "D."

27   20. On April 20, 2010, and again on April 29, 2010, BOA sent letters to Plaintiff stating that his request for credit correction has been approved and that formal request for credit correction

has been sent to Defendants. True and correct copies of BOA's letters dated April 20, 2010 and April 29, 2010 are attached hereto as EXHIBIT "E."

21. In or around April 20, 2010, contrary to BOA's request for credit correction, Defendants sent investigation results to Plaintiff, stating that the late payments of December 2009 and January 2010 have been verified as accurate. The credit report from EXPERIAN further reflected inaccurate late payments for the months of February and March 2010. A true and correct copy of the investigation result received from EXPERIAN, dated April 20, 2010, is attached hereto as EXHIBIT "F."

22. On May 3, 2010, Plaintiff forwarded copies of BOA's April 20 and April 29, 2010 letters, confirming BOA's request for credit correction, specifically deletion of the inaccurate late reporting, to Defendants. True and correct copies of Plaintiff's May 3, 2010 letters addressed to Defendants EXPERIAN, EQUIFAX, and TRANSUNION are attached hereto as EXHIBIT "G."

23. On May 12, 2010 and again on May 14, 2010 TRANSUNION sent Plaintiff investigation results claiming that the account information had been verified, with no changes, and showing that the account was still listed as an "Adverse Account." True and correct copies of TRANSUNION's investigation results dated May 12, 2010 and May 14, 2010 are attached hereto as EXHIBIT "H."

24. In or around July 22, 2010 Plaintiff obtained updated copies of his credit reports. Plaintiff's EXPERIAN credit report revealed that the inaccurate late payment reporting of December 2009 and January 2010, as well as those for the months of February and March 2010, had finally been removed from Plaintiff's credit history. The report, however, also revealed that a new inaccurate late payment for the month of June 2010 had been reported on his BOA account #1. A true and correct copy of Plaintiff's EXPERIAN credit report, dated July 22, 2010, is attached hereto as EXHIBIT "I."

25. Plaintiff immediately submitted credit disputes to Defendants concerning the late payment reporting for the month of June 2010.

26. On or about July 23, 2010 Plaintiff also sent a written dispute to BOA regarding the

inaccurate late payment reporting for the month of June 2010 on his BOA account #1. With his July 23, 2010 letter, Plaintiff enclosed proof of his timely payments on BOA account #1 for the months of June as well as July 2010. True and correct copies of screenshot of electronic payment processed by BOA on June 15, 2010, and customer receipt dated July 14, 2010 are attached hereto as EXHIBIT "J."

27. In or around August 2010, BOA removed the inaccurate late of June 2010 from Plaintiff's credit bureau reports. A true and correct copy of Plaintiff's EXPERIAN credit report, dated August 17, 2010, is attached hereto as EXHIBIT "K."

28. During the months from January to July 2010, that Defendants maintained the inaccurate derogatory information on Plaintiff's credit reports regarding his BOA account #1, Plaintiff's credit rating dropped, resulting in decreases in credit limits, closing of existing personal and business accounts, and denials for new financing and increases in credit limits Plaintiff needed to support his business and invest for future income. True and correct copies of letters from Citibank dated February 23, 2010, and April 16, 2010, CitiBusiness dated June 21, 2010, US Bank dated April 1, 2010, and May 19, 2010, and Bank of America WorldPoints dated April 22, 2010, are attached hereto as EXHIBIT "L."

29. Breakdown of loss in credit and financing resulting from closing of accounts, decreases in credit lines, denials for new credit, and denials of requests for increases in existing credit limits include, but are not limited to, the following:

   a.  US BANK: decrease in credit limit from $10,000 to $2,200 (-$7,800)

   b.  CITI BUSINESS: with credit limit of $4,800 closed (-$4,800)

   c.  CITI BANK: with credit limit of $9,100 closed (-$9,100)

   d.  GE MONEY BANK: with credit limit of $11,800 closed (-$11,800)

   e.  BANK OF AMERICA: decrease in credit limit from $27,000 to $21,000 (-$6,000)

30. After the inaccurate late payment reporting for the month of December 2009, Plaintiff's home equity line of credit with Citibank was also frozen/suspended and his request for refinancing was denied. A true and correct copy of the letter from Citibank, dated March 5, 2010, and letter from New Wave Realty Group are attached hereto as EXHIBIT "M."

31. The refinancing of the loan would have reduced Plaintiff's monthly loan payments to Citibank by approximately $1,200-$1,300 and Plaintiff would have saved that much monthly since January of 2010.

32. In or around June of 2011 Plaintiff discovered a collection account on his TRANSUNION credit report, furnished by Collection Bureau of America ("CBA"), referencing Time Warner Cable ("TWC") as the original creditor of the debt.

33. Plaintiff did not owe any debt to CBA or to TWC that was placed for collection. It was later discovered that this TWC debt account belonged to another consumer who shared nothing but the same first name with the Plaintiff.

34. On or about June 28, 2011, Plaintiff telephonically disputed the CBA collection account with TRANSUNION as not belonging to him. Plaintiff spoke to a representative at TRANSUNION's dispute department, who was identified by the name of Kay.

35. On or about June 28, 2011, Plaintiff also submitted a dispute letter of the CBA collection account to CBA directly.

36. TRANSUNION, failing to conduct reasonable reinvestigation, verified the CBA account as accurate. The inaccurate collection account, after being maintained on Plaintiff's credit reports for months by TRANSUNION, was eventually deleted from Plaintiff's credit report.

37. In or around October of 2011, Plaintiff conducted review of his credit reports maintained by Defendants and noticed a new inaccurate late payment reporting, this time on his BOA account #2 for the month of September 2011. True and correct copies of Plaintiff's credit reports from EXPERIAN and creditchecktotal.com, dated October 25, 2011, are attached hereto as EXHIBIT "N."

38. On or about October 26, 2011, immediately upon discovery of the inaccurate late payment reporting of September 2011, Plaintiff submitted disputes of this inaccurate late reporting with Defendants. True and correct copies of Plaintiff's letters addressed to EXPERIAN, EQUIFAX, and TRANSUNION are attached hereto as EXHIBIT "O."

39. With his letters addressed to each of the Defendants, attached hereto as EXHIBIT "O," Plaintiff sent proof of timely payments made on his BOA account #2.

40. True and correct copies of Plaintiff's customer receipts dated July 15, 2011, August 15, 2011, and September 15, 2011 proving timely payments for the months of July, August, and September 2011 are attached hereto as EXHIBIT "P."

41. Plaintiff's letters attached as Exhibit "O" were mailed to each of the Defendants via certified mail, return receipt requested. True and correct copies of certified mail receipts addressed to and return receipts received from EXPERIAN, EQUIFAX, and TRANSUNION are attached hereto as EXHIBIT "Q."

42. On or about October 26, 2011, Plaintiff also sent a dispute letter to BOA regarding the inaccurate late payment reporting on his BOA account #2, for the month of September 2011.

43. Between November 7, 2011 and November 14, 2011, Defendants sent their investigation results to Plaintiff, claiming that the payment history on BOA account #2, and specifically the disputed late payment reporting of September 2011, was verified as accurate, with no changes to the reporting. True and correct copies of the investigation results from TRANSUNION, dated November 7, 2011, EQUIFAX, dated November 7, 2011, and EXPERIAN, dated November 14, 2011, are attached hereto as EXHIBIT "R."

44. In or around November of 2011, Plaintiff discovered a collection account on his TRANSUNION credit report, furnished by Sequoia Financial Services ("SFS"), referencing Department of Water and Power ("DWP") as the original creditor of the debt.

45. Plaintiff did not owe any debt to SFS or to DWP that was placed for collection. It was later discovered that the DWP debt account belonged to another consumer who shared nothing but the same first name with the Plaintiff.

46. On or about November 21, 2011, Plaintiff telephonically disputed the SFS collection account with TRANSUNION as not belonging to him. Plaintiff spoke to a representative at TRANSUNION's dispute department, who was identified by the name of Bonny.

47. On or about November 21, 2011, Plaintiff also submitted a dispute letter of the SFS collection account to SFS directly.

48. On or about December 15, 2011 Plaintiff, through his agent, sent a Method of Verification request to each of the Defendants regarding their alleged verification of the inaccurate late

payment reporting of September 2011 on his BOA account #2. Plaintiff requested information documentation in support of any investigation Defendants had conducted and how they had verified the disputed inaccuracies; alternatively, Plaintiff requested that Defendants promptly correct those inaccuracies. True and correct copies of Plaintiff's MOV letters addressed to EXPERIAN and EQUIFAX are attached hereto as EXHIBIT "S."

49. Plaintiff's MOV letters to each of the Defendants was sent via certified mail. True and correct copies of the certified mail receipt addressed to EXPERIAN, EQUIFAX, and TRANSUNION, and the corresponding "track and confirm" from USPS are attached hereto as EXHIBIT "T."

50. On or about December 15, 2011, Plaintiff also sent a follow up letter to BOA regarding his dispute and request for credit correction.

51. As of December 19, 2011 Plaintiff's credit report still reflected the inaccurate late payment reporting of September 2011 on Plaintiff's BOA account #2. A true and correct copy of Plaintiff's credit report maintained by EXPERIAN, dated December 19, 2011, is attached hereto as EXHIBIT "U."

52. On or about December 20, 2011, Plaintiff sent a follow up letter to SFS regarding the reporting of its collection account. Several days later Plaintiff received investigation results from TRANSUNION, informing that the SFS account had been deleted from Plaintiff's credit report. A true and correct copy of the TRANSUNION investigation results dated December 19, 2011 is attached hereto as EXHIBIT "V."

53. On or about January 10, 2012, Plaintiff, through his agent, sent another set of letters to Defendants regarding the alleged verification of the late payment reporting of September 2011 on his BOA account #2. True and correct copies of Plaintiff's letters dated January 10, 2012, addressed to EXPERIAN and EQUIFAX are attached hereto as EXHIBIT "W."

54. Plaintiff's January 10, 2012 letters were sent to Defendants via certified mail. True and correct copies of the certified mail receipts addressed to EXPERIAN and TRANSUNION are attached hereto as EXHIBIT "X."

55. On or about January 10, 2012, Plaintiff also sent a letter to BOA directly regarding the

inaccurate late payment reporting of September 2011 on his BOA account #2.

56. As of April 30, 2012, Defendants continued to maintain the inaccurate late payment reporting of September 2011 on Plaintiff's credit reports. EQUIFAX maintained a notation on the reporting that the "item is currently under investigation" over six months after Plaintiff's dispute; while TRANSUNION investigation results showed that it continued to maintain the account in inaccurate delinquent status. True and correct copies of Plaintiff's credit reports maintained by EQUIFAX and TRANSUNION, dated April 30, 2012, are attached hereto as EXHIBIT "Y."

57. In or around May of 2012, Plaintiff discovered yet another inaccurate collection account on his credit report maintained by TRANSUNION, furnished by Credit Management ("CMI"), referencing TWC as the original creditor of the debt.

58. Plaintiff did not owe any debt to CMI or to TWC that was placed for collection. It was later discovered that the TWC debt account belonged to another consumer, who shared nothing but the same first name with the Plaintiff, and that it was the same inaccurate TWC debt that was previously reported and later deleted by CBA.

59. On or about May 7, 2012, Plaintiff disputed the CMI collection account with TRANSUNION as not belonging to him. Plaintiff also submitted a dispute letter to CMI directly.

60. Plaintiff's dispute of the CMI account to TRANSUNION was sent via certified mail. True and correct copies of the certified mail receipt and the corresponding "track and confirm" from USPS are attached hereto as EXHIBIT "Z."

61. TRANSUNION, failing to conduct reasonable investigation, verified the CMI account as accurate, with no change to the reporting. True and correct copy of the TRANSUNION investigation results dated May 25, 2012 is attached hereto as EXHIBIT "AA."

62. In May of 2012, Plaintiff spoke to Christina M. Lee, a supervisor employed at BOA's Credit Reporting Department, at (800) 669-6607, Ext. 3519, who confirmed to Plaintiff that each and every one of Plaintiff's payments to BOA was made on time since the commencement of Plaintiff's accounts.

63. On May 23, 2012, Christina M. Lee sent Plaintiff, via facsimile/mail, a letter of confirmation

of correction of inaccurate late payment reporting of September 2011 on the BOA account #2. True and correct copies of the letters received from BOA/Christina M. Lee, dated May 23, 2012, are attached hereto as EXHIBIT "BB."

64. On or about May 30, 2012, BOA sent further confirmation to Plaintiff regarding its request to Defendants to remove the inaccurate late payment reporting from his credit reports. A true and correct copy of BOA's letter to Plaintiff, dated May 30, 2012, is attached hereto as EXHIBIT "CC."

65. On or about June 1, 2012, Plaintiff contacted TRANSUNION via phone and spoke to a representative, identified by the name of Glen, regarding the reporting of the CMI collection account and TRANSUNION's alleged verification of this account.

66. On or about June 1, 2012, TRANSUNION sent Plaintiff a letter informing that it had previously verified the CMI account as accurate and, therefore, considered his dispute as frivolous. A true and correct copy of TRANSUNION's letter, dated June 1, 2012, is attached hereto as EXHIBIT "DD."

67. On June 5, 2012, weeks after BOA informed Plaintiff of its notice of credit correction sent to Defendants with respect to the inaccurate late payment reporting of September 2011 on BOA account #2, EQUIFAX sent Plaintiff results of its investigation, still claiming that the late payment reporting of September 2011 on the BOA account #2 was verified to be accurate. A true and correct copy of EQUIFAX's investigation results, dated June 5, 2012, reflecting the inaccurate late payment reporting of September 2011, is attached hereto as EXHIBIT "EE."

68. On or about June 11, 2012, CMI sent Plaintiff a letter informing that it requested Defendants to remove the inaccurate collection account from Plaintiff's credit reports. A true and correct copy of CMI's letter, dated June 11, 2012, is attached hereto as EXHIBIT "FF."

69. During the months that Defendants maintained inaccurate credit information on Plaintiff credit reports, inclusive of the inaccurate late payment reporting of September 2011 on Plaintiff's BOA account #2, Plaintiff suffered further damage to his credit, which in effect resulted in the closing of more accounts, decreases in credit lines, declines for new credit denials of requests for credit line increases, and the suspension of his home equity line of

credit with Citibank. True and correct copies of letters received from Citibank, dated October 22, 2011, and November 9, 2011, are attached hereto as EXHIBIT "GG."

70. Defendants' violations are numerous with respect to the continuous act of preparing, compiling, maintaining, issuing, assembling, transferring, publishing, and otherwise reproducing Plaintiff's credit reports that contained false, misleading, and inaccurate credit information.

71. Defendants have deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to take reasonable actions in compliance with the law, have disregarded Plaintiff's consumer disputes and requests, maintained inaccurate credit information on Plaintiff's credit report, failing to conduct reasonable investigation, and failed to correct inaccurately reported data, in violation of the FCRA and CCRAA.

72. Eventually, all disputed inaccuracies were corrected on Plaintiff's credit reports maintained by each of the Defendants, but only after Defendants caused Plaintiff serious financial and noneconomic harm.

## IV.    CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

73. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

74. Defendants prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced "consumer reports" or "consumer credit reports" regarding the Plaintiff, as these terms are defined in FCRA, 15 U.S.C. § 1681a(d), and CCRAA, Cal. Civ. Code § 1785.3(a)(3)(c), respectively.

75. Such reports contained information about accounts that was false, misleading, and inaccurate.

76. Defendants negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties, including Plaintiff's existing and potential creditors, pertaining to Plaintiff, in violation of FCRA, 15 U.S.C. § 1681e(b), and CCRAA, Cal. Civ. Code § 1785.14(b).

77. As a direct and proximate result of Defendants' conduct, Plaintiff suffered actual damages as

set forth herein.

78. Defendants are liable to Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and costs, that Plaintiff may recover therefore pursuant to FCRA, 15 U.S.C. § 1681o, and CCRAA, Cal. Civ. Code § 1785.31(a)(1).

### SECOND CAUSE OF ACTION

79. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

80. Defendants prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced "consumer reports" or "consumer credit reports" regarding the Plaintiff, as these terms are defined in FCRA, 15 U.S.C. § 1681a(d), and CCRAA, Cal. Civ. Code § 1785.3(a)(3)(c), respectively.

81. Such reports contained information about accounts that was false, misleading, and inaccurate.

82. Defendants willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third paties, including Plaintiff's existing and potential creditors, pertaining to the Plaintiff, in violation of FCRA, 15 U.S.C. § 1681e(b), and CCRAA, Cal. Civ. Code § 1785.14(b).

83. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages as set forth herein.

84. Defendants are liable to Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and costs, and punitive damages, that Plaintiff may recover therefore pursuant to FCRA, 15 U.S.C. § 1681n, and CCRAA, Cal. Civ. Code § 1785.31(a)(2).

### THIRD CAUSE OF ACTION

85. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

86. Defendants negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate

**COMPLAINT**

information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of FCRA, 15 U.S.C. § 1681i, and CCRAA, Cal. Civ. Code § 1785.16.

87. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages as set forth herein.

88. Defendants are liable to Plaintiff for the actual damages he sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and costs, that Plaintiff may recover therefore pursuant to FCRA, 15 U.S.C. § 1681o, and CCRAA, Cal. Civ. Code § 1785.31(a)(1).

**FOURTH CAUSE OF ACTION**

89. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

90. Defendants willfully failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the plaintiff's consumer reports as contained in its files pertaining to the plaintiff or in credit reports supplied to third parties in violation of FCRA, 15 U.S.C. § 1681i, and CCRAA, Cal. Civ. Code § 1785.16.

91. As a direct and proximate result of Defendants' conduct, the plaintiff suffered damages as set forth herein.

92. Defendants are liable to Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and costs, and punitive damages, that Plaintiff may recover therefore pursuant to FCRA, 15 U.S.C. § 1681n, and CCRAA, Cal. Civ. Code § 1785.31(a)(2).

**PRAYER FOR RELIEF**

Plaintiff respectfully prays for this Court to enter judgment in favor of Plaintiff and against Defendants on the claims set forth above, as follows:

1. For punitive and/or exemplary damages, under 15 U.S.C. § 1681n(a)(2), Cal. Civ. Code § 1785.31(a)(2)(B), and Cal. Civ. Code § 3294;

**COMPLAINT**

2. For actual damages under 15 U.S.C. §§ 1681o(a)(1) and 1681n(a)(1)(A), and Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A).

3. For costs of attorney's fees and costs under 15 U.S.C. §§ 1681o(a)(2) and 1681n(a)(3), and Cal. Civ. Code § 1785.31(a)(1).

4. For statutory damages;

5. For interest according to proof;

6. For declaratory relief;

7. For any other relief that the Court deems just and proper.

Plaintiff GEVORK GRIGORYAN demands a trial by jury.

Dated: October 3, 2013

Respectfully submitted,

By: _____

GEVORK GRIGORYAN
Plaintiff In Pro Per

**COMPLAINT**

**EXHIBIT "A"**



Logout | Report Summary | Potentially Negative Items | Accounts in Good Standing | Requests for Your Credit History | Personal Information | Your Personal Statement | Get Credit Monitor | Get Cr... Score

## Potentially Negative Items or Items for Further Review

❓ What does potentially negative or items for further review mean?    ❓ What if I feel there is an error?

Experian credit report prepared for
**GEVORK GRIGORYAN**
Your report number is

Report date: **March 02, 2010**

**Credit Report Toolkit:**
Print your report
Credit Education
Know your rights
Credit Fraud Center

**Add Triple Alert℠ Credit Monitoring for only $4.95 per month!**
GET IT NOW

**Get the Score!**
Add your Credit Score for only $7.95
GET IT NOW

**Complete Identity Theft Protection is Here!**
✔ 3-Bureau Monitoring
✔ Email & Text Alerts
✔ Fraud Resolution
**TRY IT FREE** ▶
with enrollment in ProtectMyID.com



### Item Detail

**Dispute this item >>**

**BAC HOME LOANS/COUNTRYWIDE**

**Address:**
450 AMERICAN ST # SV416
SIMI VALLEY, CA 93065
(800) 669-6607

**Account Number:**
16498....

**Address Identification Number:**   0178955740

**Status:**
Open. $2,998 past due as of Jan 2010.

| | | |
|---|---|---|
| **Date Opened:** 03/2007 | **Type:** Mortgage | **Credit Limit:** $245,600 |
| **Date of Status:** 01/2010 | **Terms:** 30 Years | **High Balance:** N/A |
| **Reported Since:** 05/2007 | **Monthly Payment:** $1,499 | **Recent Balance:** $243,934 |
| **Last Reported Date:** 01/2010 | **Responsibility:** Individual | **Recent Payment:** $0 |

**Creditor's Statement:**
Paying under a partial payment agreement.

**Account History:**
60 days past due as of Jan 2010
30 days past due as of Dec 2009

**EXHIBIT "B"**



NOT NEGOTIABLE

of America

Customer
Receipt

Tran 00332     12/28/2009 14:25 Tlr 00015
Entity NCS CC0002430 EPMT
MTG      ************4658
Regular Payment          $1,600.00

All items are credited subject to verification, collection, and conditions of the Rules and Regulations of this Bank and as otherwise provided by law. Payments are accepted when credit is applied to outstanding balances and not upon issuance of this receipt. Transactions received after the Bank's posted cut-off time or Saturday, Sunday, and Bank Holidays, are dated and considered received as of the next business day.

Please retain this receipt until you receive your account statement.

Thank you for banking with Bank of America.
Save time. Save energy. Fast, reliable deposits, withdrawals and account management at more than 18,000 convenient ATM locations.

Member FDIC
95-14-2005B 05-2009

## Bank of America

### Customer Receipt

All items are credited subject to verification, collection, and conditions of the Rules and Regulations of this Bank and as otherwise provided by law. Payments are accepted when credit is applied to outstanding balances and not upon issuance of this receipt. Transactions received after the Bank's posted cut-off time or Saturday, Sunday, and Bank Holidays, are dated and considered received as of the next business day.

Please retain this receipt until you receive your account statement.

Thank you for banking with Bank of America.
Save time. Save energy. Fast, reliable deposits, withdrawals and account management at more than 18,000 convenient ATM locations.

Tran 00101   01/29/2010 12:09 Tlr 00020
Entity NCS CC0002430 EPMT
MTG   **********4658
Regular Payment   $1,600.00

Member FDIC
95-14-2005B  05-2009

**Bank of America**

Customer
Receipt

All items are credited subject to verification, collection, and conditions of the Rules and Regulations of this Bank and as otherwise provided by law. Payments are accepted when credit is applied to outstanding balances and not upon issuance of this receipt. Transactions received after the Bank's posted cut-off time or Saturday, Sunday, and Bank Holidays, are dated and considered received as of the next business day.

Please retain this receipt until you receive your account statement.

**Thank you for banking with Bank of America.**
**Save time. Save energy. Fast, reliable deposits, withdrawals and**
**account management at more than 18,000 convenient ATM locations.**

```
Tran 00085    02/24/2010 17:16 Tlr 00013
Entity NCS CC0002430 EPMT
MTG      ********4658      $1,700.00
Regular Payment
```

Member FDIC
95-14-2005B  05-2009

**EXHIBIT "C"**

**Bank of America**
Home Loans
450 American Street, SV-416
Simi Valley, CA  93065-6298

**Notice Date:**  March 12, 2010

Gevork Grigoryan
5846 Hillview Park Ave
Van Nuys, CA  91401

---

**IMPORTANT MESSAGE ABOUT YOUR LOAN**

We have received your correspondence dated March 1, 2010 requesting a credit correction; however, we do not have all the information necessary to research your dispute.

---

**WHAT YOU SHOULD DO**

Please call our office at your earliest convenience at 1-800-669-6607, so we can discuss the issue you have brought to our attention.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

NDMRINF  8559  08/11/2008

**EXHIBIT "D"**

Consumer Credit Report for GEVORK     GRIG      N

File Number
Page:

Date Issued:     03/24/2010

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in ›brackets‹ or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection.)

**BAC HOME LOANS SERV LP** #164984658
450 AMERICAN ST SV416X
SIMI VALLEY, CA 93065
(800) 669-6607

| | |
|---|---|
| Balance: | $243,934 |
| Date Updated: | 01/2010 |
| High Balance: | $245,600 |
| Past Due: | ›$2,998‹ |
| Terms: | 360 MONTHLY $1499 |

| | |
|---|---|
| Pay Status: | ›60 DAYS PAST DUE‹ |
| Account Type: | MORTGAGE ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Open: | 03/2007 |

Loan Type: CONVENTIONAL REAL ESTATE MTG
Remarks: ›PAYING PARTL-MOD PMT AGREEMNT‹
›Maximum delinquency of 60 days occurred in 01/2010 for   $2,998‹
Estimated date that this item will be removed:  10/2016

| Late Payments (30 months) | 30 | 60 | 90+ | | Last 30 months |
|---|---|---|---|---|---|
| | 1 | 0 | 0 | | |

| 30 dec | OK nov | OK oct | OK sep | OK aug | OK jul | OK jun | OK may | OK apr | OK mar | OK feb | OK '09 | OK dec | OK nov | OK oct | OK sep | OK aug | OK jul | OK jun | OK may | OK apr | OK mar | OK feb | OK '08 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| OK dec | OK nov | OK oct | OK sep | OK aug | OK jul |
|---|---|---|---|---|---|

## Satisfactory Accounts

The following accounts are reported with no adverse information. (Note: The account # may be scrambled by the creditor for your protection.)



To dispute online go to: **http://transunion.com/disputeonline**