Sabrina M. Fernandes (State Bar No. 276190)
sfernandes@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:  +1.213.489.3939
Facsimile:    +1.213.243.2539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS,
INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GEVORK GRIGORYAN, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC, and TRANS UNION LLC,<br><br>        Defendants. | Case No. CV13-07450-MMM (PLAx)<br><br>Assigned to the Honorable Margaret M. Morrow<br><br>**STIPULATED PROTECTIVE ORDER** |

1    IT IS HEREBY STIPULATED by and between Plaintiff Gevork Grigoryan
2    ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian"),
3    Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("Trans
4    Union") through their respective attorneys of record, as follows:

5    GOOD CAUSE STATEMENT

6    WHEREAS, documents and information have been and may be sought,
7    produced or exhibited by and among the parties to this action relating to trade
8    secrets, confidential research, development, technology, business plan or other
9    proprietary information belonging to the parties and/or third parties and/or personal
10   income, credit and other confidential information of Plaintiff;

11   WHEREAS the law gives district courts broad latitude to grant protective
12   orders to prevent disclosure of materials for many types of information, including,
13   but not limited to, trade secrets or other confidential research, development, or
14   commercial information. *See* FED. R. CIV. P. 26(c)(1);

15   WHEREAS an Order of this Court is necessary to protect the parties from
16   annoyance, embarrassment, oppression, or undue burden or expense related to the
17   disclosure of confidential, proprietary or private information of the parties for
18   purposes other than prosecuting this litigation;

19   WHEREAS this Order extends only to limited information or materials that
20   are entitled to confidential treatment under applicable legal principles.

21   PROTECTIVE ORDER

22   THEREFORE, an Order of this Court protecting such confidential
23   information shall be and hereby is made by this Court on the following terms

24   1.    This Order shall govern the use, handling and disclosure of all
25   documents, testimony or information produced or given in this action which are
26   designated to be subject to this Order in accordance with the terms hereof.

27   2.    Any party or non-party producing or filing documents or other
28   materials in this action may designate such materials and the information contained

therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.    If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those Particular documents as "Confidential—Attorneys' Eyes Only."

4.    To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys Eyes Only" and shall file them with the clerk under seal.  Any party filing any document under seal must comply with the requirements of Civil Local Rule 79-5.  The application must show good cause for the under seal filing and be directed to the judge to whom the papers are directed.  Pending ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

5.    All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.  If the case proceeds to trial, good cause must be shown in advance of trial to maintain the confidentiality of any document, transcript, or other materials subject to this Order.

6.    Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to

STIPULATED PROTECTIVE ORDER
Case No. CV13-07450-MMM (PLA)

prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7.     Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its

STIPULATED PROTECTIVE ORDER
Case No. CV13-07450-MMM (PLA)

personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8.     Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) or 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9.     All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10.     Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

11.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12.     Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant

1   to this Order, including any extracts, summaries or compilations taken therefrom,
2   but excluding any materials which in the good faith judgment of counsel are work
3   product materials, shall be returned to the individual or entity having produced or
4   furnished same.

5   13.     In the event that any party to this litigation disagrees at any point in
6   these proceedings with any designation made under this Protective Order, the
7   parties shall first try to resolve such dispute in good faith on an informal basis [in
8   accordance with Civil Local Rule 37.  If the dispute cannot be resolved, the party
9   objecting to the designation may seek appropriate relief from this Court.  If the
10  parties wish to file the Joint Stipulation required by Rule 37 under seal, the parties
11  may file a stipulation to that effect or the moving party may file an *ex parte*
12  application.  The parties must set forth good cause in the stipulation or *ex parte*
13  application.  During the pendency of any challenge to the designation of a
14  document or information, the designated document or information shall continue to
15  be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the
16  provisions of this Protective Order.

17  14.     Nothing herein shall affect or restrict the rights of any party with
18  respect to its own documents or to the information obtained or developed
19  independently of documents, transcripts and materials afforded confidential
20  treatment pursuant to this Order.

21  15.     The Court retains the right to allow disclosure of any subject covered
22  by this stipulation or to modify this stipulation at any time in the interest of justice.

23

24  Dated:  June 18, 2014                    JONES DAY

25                                           By:*/s/ Sabrina Fernandes*
                                               Sabrina M. Fernandes
26
                                             Counsel for Defendant
27                                           EXPERIAN INFORMATION
                                             SOLUTIONS, INC.
28

STIPULATED PROTECTIVE ORDER
Case No. CV13-07450-MMM (PLA)

1   Dated:  June 18, 2014                    Law Offices of Aidan Butler

2

3                                            By:/s/ Aidan Butler
                                                 Aidan Butler
4

5                                            Counsel for Plaintiff
                                             GEVORK GRIGORYAN
6

7   Dated:  June 18, 2014                    Nokes & Quinn

8

9                                            By:/s/ Thomas Quinn
                                                 Thomas P. Quinn
10
                                             Counsel for Defendant
11                                           EQUIFAX INFORMATION
                                             SERVICES, LLC
12

13  Dated:  June 18, 2014                    Musick, Peeler & Garrett, LLP

14
                                             By:/s/ Donald Bradley
15                                               Donald E. Bradley

16                                           Counsel for Defendant
                                             TRANS UNION, LLC
17

18

19

20  IT IS SO ORDERED.

21

22  Dated:  June 19, 2014

23                                           Paul L. Abrams
                                             United States Magistrate Judge
24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. CV13-07450-MMM (PLA)